UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM ERICKSON, et al.,<br><br>             Plaintiffs,<br><br>    v.<br><br>NEBRASKA MACHINERY COMPANY,<br><br>            Defendant. | Case No. 15-cv-01147-JD<br><br>**REASSIGNMENT ORDER SETTING CMC** |

TO ALL PARTIES AND COUNSEL OF RECORD:

This matter has been reassigned to the Honorable James Donato. It is hereby ordered, pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, that a Case Management Conference shall be held in this case on July 1, 2015, at 1:30 P.M., in Courtroom 11, 19th Floor, United States Court House, 450 Golden Gate Avenue, San Francisco, CA 94102.

Counsel shall meet and confer as required by Fed. R. Civ. P. 26(f) prior to the Case Management Conference with respect to the subjects set forth in Fed. R. Civ. P. 16(c). **Not less than seven (7) calendar days** before the conference, counsel shall file a joint case management statement in compliance with the "Standing Order for Civil Cases Before Judge James Donato" and the "Standing Order For All Judges of the Northern District -- Contents of Joint Case Management statement," both of which are attached to this order and can also be found on the Court's website. A proposed order is not necessary. Following the conference, the Court will enter its own Case Management and Pretrial Order.

For all other matters pertaining to the Case Management Conference, including who must attend and how the parties may make a request to reschedule the date, the parties are directed to this Court's Civil Standing Order.  Parties are expected to be familiar with that order, and to comply with it fully.

**IT IS SO ORDERED.**

Dated:  May 7, 2015

_____
JAMES DONATO
United States District Judge

2

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL CASES BEFORE JUDGE JAMES DONATO**

## INTRODUCTION

This Standing Order is a guide to counsel and parties on basic requirements for civil cases before Judge Donato.  Counsel are required to read and comply with this order, this Court's Standing Order for Discovery in Civil Cases and the Civil Local Rules.

## SERVICE OF THIS ORDER

For cases originating in this Court, or reassigned to this Court from other courts, plaintiff(s) must serve this order and the order setting the initial case management conference (along with any other required pleadings) on each defendant.  For cases removed from state court, the removing defendant(s) must serve this order and the order setting the initial case management conference (along with any other required pleadings) immediately on each and every party that has previously appeared or that appears within thirty days after removal.

Thereafter, in all cases, any existing party to the action that brings a new party into the action must immediately serve a copy of this order and any other required pleadings on the new party.

Following service, the responsible party shall file a certificate of service with the Clerk of this Court.

## CASE MANAGEMENT CONFERENCES

Civil case management conferences will be held on Wednesdays at 1:30 p.m. in Courtroom 11, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. Pretrial conferences will be held in the same courtroom on Wednesdays at 3:00 p.m.

The parties must file a joint case management statement addressing the standardized items as required by the Standing Order For all Judges of the Northern District of California: Contents

of Joint Case Management Statements.  Parties shall file their joint statement <u>at least seven calendar days</u> prior to the case management conference.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for that failure.  Absent good cause, the parties may be subject to sanctions.  If either party is not represented by counsel, separate statements may be filed, but only after the parties have made a good faith effort to prepare a joint statement.

In proposing a case schedule, the parties should agree on a trial date and work backward from that date to ensure adequate time for dispositive motions, class certification motions, expert discovery and other events.  As a general rule, counsel should budget no more than 18 months between the initial case management conference and trial.  Counsel requesting longer pretrial periods must be prepared to justify that request at the initial case management conference.  A trial date typically will be assigned at the initial case management conference.  Once assigned, the trial date will not be changed or continued absent good cause in the interest of justice.  Counsel and parties should assume that the trial date will not be moved.

For parties with counsel, each party shall be represented at the case management conference by <u>lead counsel</u> prepared to address all pertinent matters and with authority to enter stipulations and make admissions.  Failure of lead counsel to appear may result in sanctions.  For parties without counsel, the party is expected to appear.  Telephonic appearances are not permitted at case management conferences or motion hearings, except in exceptional circumstances with the Court's prior approval.  A request for a telephonic appearance can be made by contacting this Court's Courtroom Deputy, Lisa Clark, at (415) 522-2066.

Any request to reschedule a case management conference shall be made in writing, by stipulation if possible, not less than 10 calendar days before the conference date.  Good cause must be shown.  The conference date will not be rescheduled unless the Court grants the request.  Parties cannot change the date by stipulation.

Pursuant to Federal Rule of Civil Procedure 26(d)(1), no formal discovery shall be served or initiated by any party until after the parties have conferred as required by FRCP 26(f), except by stipulation or court order.  The Court expects that as soon as any party reasonably anticipates or

4

knows of litigation, that party shall take the necessary, affirmative steps to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

## ELECTRONIC CASE FILING − CHAMBERS COPIES

In addition to filing papers electronically, the parties are required to lodge for chambers <u>two</u> paper copies of the following: (a) complaints; (b) answers and counter-claims; (c) case management conference statements; (d) stipulations; (e) all motion papers, including the opening, opposition, and reply briefs, as well as any supporting declarations and exhibits; and (f) letters relating to discovery disputes that are filed pursuant to this Court's Standing Order for Discovery in Civil Cases. Counsel should not submit chambers copies of any other documents that are electronically filed.

All chambers copies required by the paragraph above must be <u>double-sided</u>, three-hole punched at the left margin and marked with the ECF stamp (case number, document number, date and page number). These printed copies shall be marked "Chambers Copy -- Do Not File" and shall be in an envelope clearly labeled with the judge's name and case number. The copies shall be delivered in accordance with Civil Local Rule 5-1(e)(7). For pre-trial materials, please follow this Court's Standing Order for Final Pretrial Conferences and Trial.

## SETTING MOTIONS FOR HEARING

The civil law and motion calendar is set for Wednesdays at 9:30 a.m. in Courtroom 11. Counsel need not request a motion hearing date and may notice non-discovery motions for any Wednesday (excepting holidays) at 9:30 a.m. The Court may vacate the hearing and rule on the papers. Motions may be reset as the Court's calendar requires.

Counsel typically will have up to 20 minutes of oral argument time per side. That time will likely be extended for more complex cases and motions. The Court will also extend time for motions argued by counsel in their first 6 years of practice. The training of our next generation of trial lawyers and advocates is an important obligation borne by all members of the bar. The Court strongly encourages parties and senior attorneys to allow younger practitioners the opportunity to

1  argue in court. The parties may advise the Court prior to the hearing if a lawyer of 6 or fewer
2  years of experience will be arguing the cause.

## FORM OF SUBMISSIONS

On summary judgment motions, joint statements of undisputed facts are not required but are helpful if completely agreed upon. Separate statements of "undisputed facts" may <u>not</u> be filed. *See* Civil L.R. 56-2.

Reply papers should not raise new points that could have been addressed in the opening motion or brief. Sur-replies are not permitted. *See* Civil L.R. 7-3(d).

The title of a submission must be sufficient to alert the Court to the relief sought; for example, please do not bury a request for continuance in the body of a memorandum.

All submissions filed with the Court shall include the date and time of the hearing or conference on the cover sheet.

Except for summary judgment and class certification motions, opening and opposition briefs may not exceed 15 pages, and reply briefs may not exceed 10 pages. For summary judgment and class certification motions, opening and opposition briefs may not exceed 25 pages, and reply briefs may not exceed 15 pages.

Persuasive written advocacy is focused, plainly stated and supported by accurate and reliable authority. Counsel should spare no effort to ensure that their pleadings and motions are succinct and clear. The grab-bag approach to written submissions should be avoided. A complaint should state the material facts and counsel's best determination of claims. Multiple, repetitive claims are not useful. A motion should be focused on counsel's best determination of a winning argument. Picking the best arguments and developing them as persuasively as possible is the optimal strategy. Counsel should avoid burying arguments in footnotes or raising them casually with little authority or discussion. For example, an argument that the Court lacks Article III jurisdiction over a case or that a party lacks standing should not be raised in a footnote or a short paragraph at the end of a brief. If counsel believes a serious question or issue should be decided by the Court, counsel should argue it appropriately.

The Court requires that all case citations and fact representations be meticulously accurate. A citation to a case, statute or other authority is counsel's representation to the Court that the authority stands for the proposition asserted and is good law. A quotation of a case or other authority is counsel's representation that the quoted language is complete and present in the authority cited. Counsel must ensure that use of ellipses or elisions in quotes does not mislead the Court or misrepresent the substance of the holding or other authority. Counsel's representations of facts are subject to the same requirements of completeness and accuracy.

## DISCLOSURES

FRCP 26 requires certain automatic disclosures and requires them to be made in a timely manner. Under FRCP 37(c), untimely-disclosed materials may not be used at trial or on summary judgment unless the delay in disclosure is "harmless" or "substantial justification" for the delay is shown.

## SEALED DOCUMENTS

Any party seeking to file a document under seal must carefully review and comply with Civil Local Rule 79-5.

In addition, the Administrative Motion to File Under Seal required by Civil Local Rule 79-5(d)(1) must also be accompanied by a chart identifying each document or portion of a document proposed to be sealed.

The declaration and proposed order required by Civil Local Rule 79-5(d)(1) must establish, with reference to appropriate authority, that each of the following requirements is met:

    a.    The document or document portion is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil Local Rule 79-5(b). (Note that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil Local Rule 79-5(d)(1)(A).)

    b.    The "strong presumption of access to judicial records" may be rebutted under the appropriate legal standard, i.e., the "good cause" or "compelling reasons" standards. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-82 (9th Cir. 2006) (discussing

"good cause" and "compelling reasons" standards with respect to dispositive and non-dispositive motions). The declaration and proposed order must identify the appropriate standard and articulate why the materials to be sealed satisfy that standard.

## COMMUNICATIONS WITH CHAMBERS

Please do not send any letters to the Court (except for those relating to discovery disputes as detailed in the Court's Standing Order for Discovery in Civil Cases). When corresponding with the Court by letter, always identify the party you represent. Do not messenger anything to chambers without advance permission specific to the item.

You may contact the Courtroom Deputy, Lisa Clark, at (415) 522-2066 with appropriate inquiries. Except for the letters described above, please do not attempt to make contact by telephone or any other ex parte means with chambers staff.

## COURTROOM CONDUCT

Counsel and parties are required to conduct themselves with the highest level of decorum and respect for each other and court and chambers personnel while in the courtroom. Cell phones and all other electronic devices must be turned off; no texting, e-mailing, or other electronic communications are permitted. While sitting in the gallery, counsel and parties should avoid conversation unless absolutely necessary for the appearance. Once a case is called and counsel appear, all communications must be directed only to the Court. Counsel shall not address each other directly unless the Court expressly permits them to do so. All statements and citations made to the Court during oral argument will be held to the same standards stated as those set forth above in Paragraph 20.

**CROSS REFERENCE TO OTHER STANDING ORDERS**

The Court has separate standing orders for final pretrial conferences and trial, discovery in civil cases, as well as separate standing orders for patent cases. They are available for review at the website for the United States District Court for the Northern District of California at www.cand.uscourts.gov/donato.

**IT IS SO ORDERED.**

Dated:  April 21, 2014

_____
JAMES DONATO
United States District Judge

STANDING ORDER FOR ALL JUDGES

OF THE NORTHERN DISTRICT OF CALIFORNIA

CONTENTS STANDING ORDER FOR ALL JUDGES OF JOINT CASE MANAGEMENT

STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

7.     Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8.     Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9.     Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Professional Conduct: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

*Rev. August 25, 2014*